Byron Lee Lynch, State Bar No. 074729
Post Office Box 685
Shasta Lake, CA 96019
Telephone [530] 244-1235

Attorney for Trustee

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| In re: | Case No. | 09-39368-B-7 |
|---|---|---|
| DAVID LEE WOODFILL and MARIETTA LYNNE WOODFILL, | MC#:<br>Date:<br>Time:<br>Dept:<br>Ct. Rm | BLL-14<br>April 30, 2012<br>9:32 AM<br>B<br>32 |
| Debtors. | | |

### MOTION REQUESTING AUTHORIZATION TO SELL REAL PROPERTY

**Recitals:**

1.   This case was filed pursuant to Chapter 7 of the United States Bankruptcy Code on September 9, 2009. John W. Reger has been appointed Trustee and brings this motion in that capacity.

2.   This estate has an interest in an unimproved residential lot located at 730 Sunriver Lane, Redding, California (the Property) The legal description is filed herewith as **Exhibit "A"**.

3.   Trustee has received a Vacant Land Purchase Agreement And Joint Escrow Instructions, (the Offer) to purchase the Property for $89,900, (the Bid) which is filed herewith as Exhibit "B".

4.   Under the terms of the Offer, the estate will pay 50% of all escrow and title expenses, plus pro-rated property taxes, and incidental costs directly related to the sale of the Subject Property.

Total escrow and title expenses are estimated to be approximately $1,296.00 and the estate's portion is estimated to be $648.00

5. Buyers understand that their due diligence must be completed prior to the court hearing to approve the sale and that the Subject Property is to be **"sold as is, without any representations, conditions, or warranties except warranty of title"**.

6. To the best of your trustee's information and belief, the consentual liens of record consist of a lien in favor of the Clark Family Trust. The Clark Family Trust has consented to a sale of the Property provided that it receives $60,000 from the escrow. A copy of the Consent Agreement is filed herewith as Exhibit "C".

7. Trustee estimates that the bankruptcy estate will receive approximately $20,000 from the sale proceeds.

8. The liens of record are disclosed on the Preliminary Title Report of First American Title Company, 4505-4343396, issued as of March 22, 2013. A true and correct copy of the exceptions contained within the report is filed herewith as Exhibit "D".

**Overbids:**

9. Subject to bankruptcy court approval, overbids in $1,000 increments, which are accompanied by a $2,000 deposit are invited. The deposit is non refundable if the sale does not close due to circumstances within the successful bidders control.

10. Trustee understands that the bankruptcy court may set the terms of overbids.

11. When a Bid is accepted by the bankruptcy court, the bidder shall thereby become legally liable to purchase the Subject

Property, **which is sold as is, without any representations, conditions, or warranties except warranty of title.**

**<u>Authorities re Sale</u>:**

12. Chapter 7 trustees may sell property of the estate pursuant to 11 U.S.C § 363(b)(1) and they have a duty to liquidate property pursuant to 11 U.S.C § 704(1).

13. By this motion, trustee proposes that the liens of all lien holders be paid through escrow.

14. Trustee proposes that after all encumbrances, liens, Realtor commissions, title and escrow fees, and other expenses of sale are paid in full, the net proceeds of the sale, be placed into the bankruptcy estate's account to be maintained by trustee pending further order of court.

**<u>Real estate commissions:</u>**

15. Rob Middleton of the Redding House of Realty was retained by your trustee to serve as a Realtor to list and sell the Subject Property on a 6% commission basis. An order approving the employment of Rob Middleton was entered on August 12, 2011, Doc#365. The Realtor's efforts have resulted in the proposed sale.

16. On the close, your trustee requests that a commission equal to 6% of the sales price be authorized to be paid from escrow.

**WHEREFORE** your trustee prays the following:

a.. that the court accept the offer to purchase the Subject Property for the purchase price of $89,900, or the highest overbid, in $1,000 increments. Overbids must be accompanied by a deposit

of $2,000 which is non refundable if the sale does not close due to circumstances within the successful bidders control;

b.   that the trustee be authorized to execute any and all documents necessary to transfer title of the subject property to the highest bidder;

c.   that the trustee be authorized to instruct payment from escrow of all liens and encumbrances;

d.   that the trustee be authorized to instruct payment from escrow for customary escrow and title expenses, pro-rated property taxes, and of costs directly related to the sale of the subject property, including a 6% Realtor commission;

e.   that on the close, the net proceeds remaining after liens, encumbrances, and cost of sale shall be paid into the bankruptcy estate's account, to be maintained by trustee pending further order of court; and,

f.   for such further relief as may be deemed proper and just at the hearing in this matter.

DATED:   April 1, 2013

                               THE LAW OFFICE OF
                               BYRON LEE LYNCH


BY:   *Byron Lee Lynch*
      BYRON LEE LYNCH,
      Attorney for Trustee